UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JEFFREY PLACE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 4:15-cv-01147-JAR |
| CINDY GRIFFITH, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Appointment of Counsel (Doc. 8). Petitioner indicates that he is unable to afford counsel and does not possess the knowledge, skill and experience to be a formative adversary (Doc. 8 at 1). For the following reasons, Petitioner's motion will be denied without prejudice.

The appointment of counsel for an indigent *pro se* petitioner lies within the discretion of the Court, since there is no constitutional or statutory right to appointed counsel in civil cases. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); *see* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). *See also Sours v. Norris*, 782 F.2d 106, 107 (8th Cir. 1986) (citation omitted).

Once Petitioner alleges a prima facie claim, the Court must determine Petitioner's need for counsel to litigate his claim effectively. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both Petitioner and the Court would benefit from the assistance of counsel. *Edwards v. Dwyer*, 2008 WL 222511, at *1 (E.D. Mo., January 25, 2008) (citations omitted). This determination involves the consideration of

several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id. See also Rayes v. Johnson*, 969 F.2d 700, 703 (8th Cir. 1992); *Johnson v. Williams*, 788 F.2d 1319 (8th Cir. 1986).

After reviewing Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1), the Court does not believe that either the factual or legal issues are complex. Moreover, it appears to the Court that Petitioner is clearly capable of articulating and presenting his claim. For these reasons, the Court finds that appointment of counsel is not mandated at this time, and Petitioner's motion should be denied without prejudice.

Petitioner has also filed a Motion for Extension of Time (Doc. 9) in which he requests an additional ninety (90) days to file a reply to Respondent's Response to the Court's Show Cause Order. Petitioner requests the time to thoroughly research the arguments put forth by Respondent. Respondent filed its Response to the Court's Show Cause Order on October 14, 2015. Therefore, per the timeline set in the Case Management Order (Doc. 3), Petitioner's reply is currently due on December 14, 2015. The Court finds that an extension of an additional ninety (90) days from that date is unwarranted. However, the Court will grant Petitioner an additional thirty (30) days from the reply deadline providing Petitioner a total of ninety (90) days from the date the response was filed to file a reply.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for the Appointment of Counsel (Doc. 8) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Extension of Time (Doc. 9) is **GRANTED, in part.** Petitioner shall file his reply brief on or before **January 13, 2016.**

Dated this 12th day of November, 2015.

                                               _____
                                               JOHN A. ROSS
                                               UNITED STATES DISTRICT JUDGE